# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| United States of America<br>v.<br>Juan POSAS Jr. (1972/ United States)<br>Alexis SORIA Soria (1998/ Mexico)<br><br>*Defendant(s)* | )<br>)<br>) Case No. 7:22-mj-1125<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 6, 2022__ in the county of __Hidalgo__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841 | Knowingly and Intentionally Possess with the Intent to Distribute approximately 22 kilograms of cocaine, a Schedule II controlled substance. |

This criminal complaint is based on these facts:
See attachment A

United States District Court
Southern District of Texas
FILED

JUN 07 2022

Nathan Ochsner, Clerk

☑ Continued on the attached sheet.

Complaint authorized by: AUSA Jongwoo Chung

Submitted by reliable electronic means, sworn to and attested to telephonically per Fed. R. Cr. 4.1, and probable cause found on:

*Complainant's signature*

Jason De La Cruz, Special Agent
*Printed name and title*

Date: 06/7/2022 @ 4:58pm

*Judge's signature*

City and state: McAllen, Texas

Juan F. Alanis, U.S. Magistrate Judge
*Printed name and title*

**Attachment "A"**

I, Jason De La Cruz, am a Special Agent of the United States Homeland Security Investigations (HSI) and have knowledge of the following facts. The facts related in this attachment do not reflect the totality of information known to me or other agents/officers, merely the amount needed to establish probable cause. I do not rely upon facts not set forth herein in reaching my conclusion that a complaint should be issued, nor do I request that this Court rely upon any facts not set forth herein in reviewing this attachment in support of the complaint.

1. On June 6, 2022, Homeland Security Investigations (HSI) received information regarding a multi-kilogram narcotics load exchange about to take place in Weslaco, Texas. During surveillance, agents witnessed a red Ford Ranger bearing Texas license plate RGV8032 and a white Ford F-150 bearing Texas license plate JLF8543 enter the parking lot of a Home Depot in Weslaco, Texas and park parallel to each other. Agents witnessed the driver of the red Ford Ranger, later identified as Alexis SORIA Soria, exit the vehicle, retrieve a large box from the rear passenger side of his vehicle, and place it in the rear passenger side of the white Ford F-150. The red Ford Ranger and white Ford F-150 then departed the parking lot.

2. A deputy with the Hidalgo County Sheriff's Office ("HCSO") later conducted a traffic stop of the white Ford F-150 for a traffic violation. The driver and sole occupant was identified as Juan POSAS Jr. The HCSO deputy's canine partner conducted an open-air sniff of the exterior of the vehicle and positively alerted to the presence of narcotics. During a search of the vehicle, the HCSO deputy discovered a large open cardboard box in the rear passenger seat. The deputy could see in plain view multiple black cellophane wrapped bricks inside the box. The canine partner conducted an open-air sniff of the box and positively alerted to the presence of narcotics. A presumptive test of the contents in the bricks tested positive for cocaine. The box contained 20 individually wrapped bricks weighing approximately 22 kilograms. HCSO deputies also conducted a traffic stop on SORIA for a traffic violation. Both SORIA and POSAS Jr. were arrested and transported for an interview.

3. During a post Miranda interview, POSAS stated he drove from Raymondville, Texas to a Lowe's Home Improvement store in Weslaco, Texas to purchase bricks for a home project. POSAS stated that he did not find the specific type he needed at Lowe's and drove to Home Depot instead. POSAS stated that he went into the Home Depot store and did not find what he was looking for either. Agents conducting surveillance did not see POSAS ever enter the Home Depot. POSAS stated that as he was leaving the parking lot, he was waved by the driver of the red Ford Ranger. POSAS stated the driver asked him whether he would like some fruits, to which POSAS answered "yes." Following this exchange, POSAS stated SORIA retrieved the box from his own vehicle, opened the rear passenger side door of POSAS' vehicle and placed the box on the seat. POSAS stated that he did not pay for the fruits.

4. POSAS claimed he was previously employed by the United States Customs and Border Protection (CBP) as a law enforcement officer. Agents asked whether POSAS, given his law enforcement background and experience, found it suspicious to allow an unknown subject at a Home Depot parking lot to place a box of what he believed to be fruit inside of his vehicle; POSAS stated he did not find it suspicious. POSAS also stated that he never looked in the box. POSAS was shown a photo lineup of six male subjects and asked whether he recognized any of them. POSAS identified SORIA as the subject who placed the box inside his vehicle.

5. During a post Miranda Interview, SORIA stated he drove from McAllen to Weslaco to purchase a pair of shoes from a Facebook Market place seller at a gas station. SORIA stated that he waited at the gas station and that the seller did not show up. SORIA stated that as he was leaving the gas station, the seller messaged him and asked him to meet at Home Depot. SORIA stated he drove to the Home Depot parking lot, waited but did not meet with the seller, after which SORIA left the area and was later stopped by the police. Agents presented SORIA with video footage of the meet at the Home Depot parking lot and asked whether SORIA recalled placing the box inside POSAS' vehicle. SORIA answered he did not recall placing the box inside POSAS' vehicle.