# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATE OF AMERICA | § | |
| | § | |
| vs. | § | CAUSE NO: 7:22-CR-01076-001 |
| | § | |
| JUAN POSAS JR. | § | |

## DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes JUAN POSAS JR., Defendant by and through his attorney of record, JOHN T. BLAYLOCK, and respectfully objects to the Presentence investigation report (hereinafter referred to as PSIR) as set out by the following:

I.

## Objection to Special Offense Characteristics set out in PSIR

### PSIR paragraph 29

Specific Offenses Characteristics: Pursuant to U.S.S.G § 2D1.1(b)(1), if a dangerous weapon (including a firearm) was possessed, increase by 2 levels. In this case, the defendant was in possession of a rifle and a pistol at the time of the instant offense. Thus, a two-level increase in warranted.

### Defendant specifically objects to PSIR paragraph 32

Adjustment for Role in the Offense: Pursuant to U.S.S.G. § #B1.19(c), if the defendant was an organizer, leader, manager, or supervisor in any criminal activity, increase by 2 levels. In this case, Juan Posas coordinated with a confidential informant and met Alexis Soria at the Home Depot in Weslaco, Texas, to receive a box

containing 20 packages of cocaine.  Juan Posas intended to conceal the cocaine in the tires of a trailer and have someone transport it to Houston, Texas.  Additionally, two firearms were found in Juan Posas' vehicle at the time of his arrest.  Thus, a two-level increase is warranted.

## Defendant specifically objects to PSIR paragraph 29

Defendant's objection in that Defendant in no way displayed or intended to use the weapons in his vehicle.  The weapons were an afterthought merely in the vehicle by coincidence and not thought about by any person concerning this case.

## Defendant specifically objects to PSIR paragraph 32

Defendant's objection is that during Defendant's trial all that was proven by the government is that defendant received a box not that he intended to do anything with it.  There is no evidence to support Defendant being an organizer or leader.

## Sentencing options

The Court may consider a variance and impose a non-guideline sentence based on: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a); and defendant respectfully requests the court to consider this section in his sentencing and give him a sentence below the recommendation.

**WHEREFORE, PREMISES CONSIDERED,** JUAN POSAS respectfully request this Honorable Court to decline to follow the probation officer's recommendation in paragraphs  29 and 32 of the PSIR.

Defendant respectfully requests this Honorable Court to rule that Defendant should not be given a base offense level increase.

Respectfully submitted,

By: /s/ John T. Blaylock

John T. Blaylock
State Bar No. 00784302
Attorney at Law
422 E. Harrison
Harlingen, Texas 78551
(956)428-3142-telephone
(956)428-5256-facsimile
Federal I.D.# 32386

## CERTIFICATE OF SERVICE

I, JOHN T. BLAYLOCK, do hereby certify that a true and correct copy of the above and foregoing Defendant's Objections to Pre-Sentence Investigation Report was delivered e-mail to the parties listed below:

Jongwood Chung
Assistant U.S. Attorney
1701 W. Bus. Hwy 83, Ste 600
McAllen, TX 78501

Nidia Lenore Richards
United States Probation Officer
McAllen, TX

On this the 15th day of August, 2023.


/s/ John T. Blaylock
JOHN T. BLAYLOCK